Hearing Date and Time: October 22, 2019 at 11:00 a.m.
Objection Deadline: October 15, 2019 at 5:00 p.m.

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000
Attorney appearing: Alan Nisselson (anisselson@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>VLADIMIR BINKEVICH,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 1-19-43558-cec |

### NOTICE OF TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a), FOR TURNOVER OF THE VALUE OF THE ESTATE'S INTERESTS IN (i) 2013 TOYOTA AVALON AND (II) BANK BALANCE

**PLEASE TAKE NOTICE** that Alan Nisselson ("***Trustee***"), trustee for the Chapter 7 estate of Vladimir Binkevich, by and through his undersigned counsel, will move this Court before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, on **October 22, 2019 at 11:00 a.m., prevailing Eastern time**, or as soon thereafter as counsel can be heard, for entry of an Order pursuant to section 105(a) of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") approving a Stipulation of Settlement entered into by the Trustee and Debtor for turnover of the value of the Estate's Interests in (i) 2013 Toyota Avalon; and (ii) bank balance (the "***Motion***").

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion, with exhibit, shall be on file and available from the Office of the Bankruptcy Court Clerk on its Internet website at www.nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion or the Stipulation must be in writing, conform to the Bankruptcy Rules and other applicable rules and orders of this Court, and be filed in accordance with General Order # 559 and the electronic filing procedures for the United States Bankruptcy Court for the Eastern District of New York (available at www.nyeb.uscourts.gov), delivered to the Chambers of The Honorable Carla E. Craig, and served upon (i) the undersigned attorneys for the Trustee; and (ii) the Office of the United States Trustee, Eastern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Nazar K. Khodorovsky, Esq.

**PLEASE TAKE FURTHER NOTICE** that only those responses that are timely filed, served and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Trustee without further notice. Parties who timely file responses or objections are required to attend the Hearing and failure to attend in person or by counsel may result in relief being granted or denied upon default. The Hearing may be adjourned from time to time without any further notice except for an announcement at the Hearing.

Dated: New York, New York　　　　　WINDELS MARX LANE & MITTENDORF, LLP
　　　　　September 17, 2019　　　　　*Attorneys for Alan Nisselson, Chapter 7 Trustee*

　　　　　　　　　　　　　　　　　　By: */s/ Alan Nisselson*
　　　　　　　　　　　　　　　　　　　　 Alan Nisselson (anisselson@windelsmarx.com)
　　　　　　　　　　　　　　　　　　　　 156 West 56th Street
　　　　　　　　　　　　　　　　　　　　 New York, New York 10019
　　　　　　　　　　　　　　　　　　　　 (212) 237-1000

{11736870:1}　　　　　　　　　　　　　　　2

Hearing Date and Time: October 22, 2019 @ 11:00 a.m.
Objection Deadline: October 15, 2019 @ 5:00 p.m.

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000 / Fax: (212) 262-1215
Attorney appearing: Alan Nisselson (anisselson@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>VLADIMIR BINKEVICH,<br><br>　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 1-19-43558-cec |

### TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. § 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 (A) FOR AN ORDER APPROVING STIPULATION OF SETTLEMENT  BETWEEN TRUSTEE AND DEBTOR

**TO THE HONORABLE CARLA E. CRAIG,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

　　　　　Alan Nisselson (the "*Trustee*"), trustee for the chapter 7 estate (the "*Estate*") of Vladimir Binkevich (the "*Debtor*"), by and through his attorneys, Windels Marx Lane & Mittendorf, LLP, respectfully requests the entry of an Order pursuant to section 105(a) of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") approving a Stipulation of Settlement **and proposed Order** entered into by the Trustee and the Debtor for turnover of the value of the Estate's interests in (i) 2013 Toyota Avalon and (ii) bank balance (the "*Settlement*").

### JURISDICTION AND VENUE

　　　　　1.　　　The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the standing orders titled In the Matter of the Referral of Matters to the Bankruptcy Judges, 69 B.R. 186 (E.D.N.Y. 1986) (Weinstein, C.J.) and Order dated December 5, 2012 and effective

June 23, 2011 (Amon, C.J.). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On June 7, 2019 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief pursuant to chapter 7 the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "*Bankruptcy Court*").

3. Thereafter, the Trustee was appointed interim trustee, and is now serving as permanent trustee of the Debtor.

4. The Debtor is the sole owner of a 2013 Toyota Avalon (the "*Vehicle*"). The Debtor initially valued the Vehicle at $12,652.00. However, the Trustee believes the Vehicle to have a value of about $8,500.00 since it was in a previous accident. The Debtor possessed a bank account held at TD Bank with a balance of funds as of the Petition Date of $26,935.87 (the "*Funds*"). The Debtor claimed an exemption for the Vehicle in the amount of $11,375.00, an amount in excess of the maximum allowable exemption for vehicles pursuant to NYCPLR §5205(a)(8). The Debtor did not claim any exemption for the Funds.

5. The Trustee made a demand of the Debtor for the turnover of the non-exempt value of the Vehicle and the Funds.

6. The Debtor has offered to pay the Trustee the sum of $30,000 (the "*Settlement Amount*") in two installments and a waiver of the Vehicle exemption to settle the Trustee's turnover demand. A copy of the Stipulation of Settlement and proposed Order is attached as **Exhibit A**.

7. Following the Trustee's analysis of the non-exempt value of the Vehicle and the amount of funds, a Stipulation of Settlement between the Trustee and the Debtor was executed, which is subject to Court approval, and contains the following provisions:

- Upon Bankruptcy Court approval of the Stipulation of Settlement, Debtor shall have paid the Trustee the sum of $30,000 in two installments with $20,000 due on or before September 16, 2019 and $10,000 due on or before October 9, 2019.

- The Debtor shall be deemed to have waived his claim of exemption for the Vehicle and shall not file any claim of exemption for the Funds.

- Upon payment in full of the Settlement Amount and waiver of Vehicle exemption and Bankruptcy Court approval, the Trustee's demand for turnover shall be fully satisfied and settled.

## RELIEF REQUESTED

8. By this Motion, the Trustee respectfully requests that the Court enter an order approving the Stipulation of Settlement.

## LEGAL BASIS

9. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc*., 156 BR 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

10. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co*., 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. Of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006);

*In re Ionosphere Clubs*, 156 B.R. at 426; *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation"); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

11. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

- the probability of success in the litigation;
- the difficulties associated with collection, if any;
- the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
- the paramount interests of the creditors.

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

12. The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505. The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

13. The Stipulation of Settlement falls well above the lowest point in the range of reasonableness and is in the paramount interests of creditors for several reasons, for the following reasons: (i) the Stipulation was negotiated in good faith by representatives of the Parties, who are sophisticated and knowledgeable attorneys; (ii) its approval will avoid litigation resulting in less legal fees and expenses; and (iii) the Stipulation is based upon an analysis by the

Trustee of the value of the non-exempt value of the Vehicle and the amount of the Funds and the Settlement Amount is about equal to that value.

14.     The Stipulation of Settlement takes into account all of the above factors and the Trustee's business judgment and is in the paramount interest of the general unsecured creditors.

## NO PRIOR REQUEST

15.     No previous motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

16.     In sum, the Trustee submits that the Stipulation of Settlement represents fair and reasonable compromises that are well within the "range of reasonableness," they confer a substantial benefit on the Estate and its creditors, and are far preferable to the uncertainty, cost and delay of litigation.

17.     No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court approve the Stipulation of Settlement and proposed Order.

Dated: New York, New York        Respectfully submitted,
       September 17, 2019

                                          WINDELS MARX LANE & MITTENDORF, LLP
                                          *Attorneys for Alan Nisselson, Chapter 7 Trustee*

                                By:     */s/ Alan Nisselson*
                                       Alan Nisselson (anisselson@windelsmarx.com)
                                       156 West 56th Street
                                       New York, New York 10019
                                       Tel. (212) 237-1000